PHOEBE D. BRAUNSTEIN and HENRY BRAUNSTEIN, d. b. a., *vs.*
MARY ROBERTA BLACK, p. b. r.

*Case stated — Appeal — Ground rent; How created — Recitals in Deeds; Effect of.*

Certain facts set forth in case stated, held to be sufficient in law to warrant the presumption that the ground-rent claimed was legally created, and payable out of the property mentioned and described.

(*December 8, 1900.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Francis H. Hoffecker* for defendants below, appellants.

*Edward W. Cooch* for plaintiff below, respondent.

Superior Court, New Castle County, November Term, 1900.

APPEAL (No. 121, February Term, 1900).

CASE STATED.

The case stated filed by the parties set forth the following facts:

"That on the thirteenth day of January, A. D. 1900, suit was entered before Lewis Sasse, Esquire, one of the Justices of the Peace, in and for Wilmington Hundred, New Castle County and State of Delaware, by Mary Roberta Black, the plaintiff below, against Phoebe D. Braunstein and Henry Braunstein, her husband the defendants below, for an alleged annual ground-rent of $9.60, sixteen years being in arrear and unpaid, together with interest thereon. Said alleged ground-rent issuing out of all that certain lot of land with a store and dwelling house thereon erected, situate

in the City of Wilmington aforesaid, known as No. 515 French Street, and bounded and described as follows, to wit:

\*    \*    \*    \*    \*    \*    \*

" And on the third day of February A. D. 1900, the parties having met, judgment was given in favor of the plaintiff for $153.60 for payments in arrear and $75.83 for interest, making total $229.43, besides costs of suit. And on the same day an appeal was entered by the defendants in the Superior Court and transcript filed.

" And it is agreed the facts relating to said action are as follows:

"That Vincent Bonsall, the elder, on the twenty-first day of February A. D. 1754, purchased from George Morrow, sheriff, a tract of land in the City of Wilmington, County and State aforesaid, bounded by French, King and Queen (now Fifth) Streets. The deed making the above conveyance cannot be found; neither can the deed by which the said Vincent Bonsall was alleged to have created the said ground-rent, although diligent search has been made therefor. Reference, however, is made to the first mentioned deed in *Deed Record B, Vol. 3, page 250,* and to both deeds in *Deed Record K, Vol. 4, pages 460 and 462.*

"That part of said tract, being the premises out of which the said rent is alleged to issue, was conveyed by Richard C. Dale, sheriff, to John Warner and William Warner, by deed poll dated the seventh day of December A. D. 1805.

"That the said John Warner and wife and William Warner and wife, conveyed the said premises to John Torbert by deed bearing date the fourth day of October A. D. 1810. This deed cannot be found, reference however, is made to it in the deed next following.

"That the said John Torbert and wife conveyed the said premises to John Kelly by deed bearing date the ninth day of October A. D. 1810, and recorded in *Deed Record 1, Vol. 3, page*

*377.* Said deed conveys, subject to annual ground-rent of $9.60 payable to Vincent Bonsall, his heirs and assigns forever.

"That the said John Kelly continued in possession until the time of his death. That during his lifetime he paid the said annual ground-rent of $9.60 to the heirs or assigns of the said Vincent Bonsall.

"That after the death of the said John Kelly, payments of the said rent were continued by one William Jenkins, who occupied the said premises, although not seized thereof.

"That on the tenth day of February A. D. 1876, upon the petitions of the heirs of said John Kelly (among others being the petition of Mary Ransom, said petition reciting that the said premises were subject to annual ground-rent of $9.60) the estate of the said John Kelly was ordered by the Orphans' Court to be sold.

"That pursuant to said order the premises were offered for sale subject to said rent. The said Henry Braunstein (one of the defendants below) being the highest and best bidder, the sale was confirmed to him at the February Term A. D. 1876.

" That the above facts relating to the payment of the said rent were well known to the said Henry Braunstein, at and before the time of his purchase.

" That from the time of his purchase to the twenty-fifth day of March A. D. 1883, the said Henry Braunstein paid the annual rent. That on the third day of September A. D. 1883, the said Henry Braunstein transferred the said premises to his wife, the said Phoebe D. Braunstein.

" That on the twenty-fifth day of March A. D. 1884, the said Braunsteins refused to pay the said ground-rent, and still refuse to pay either that or succeeding installments of rent, although often requested so to do.

" And it is hereby agreed that the title of the said Mary Roberta Black to the said ground-rent is as follows :

" That Vincent Bonsall, by will dated the ninth day of January, 1796, devised all the rents, use and profits of his land situate

on Queen Street, between King and French Streets, to his grand-children.

" And the said grand-children conveyed all their interest in said estate to their brother, Stephen Bonsall, by three deeds made in the year 1828, and recorded in *Deed Record K, Vol. 4, pages 460, 462 and 464.*

" That the will of the said Stephen Bonsall bearing date the twenty-fifth day of September, 1865 and recorded in *Will Record A, Vol. 2, page 47,* devised to Mary H. Bonsall, his wife, a certain ground-rent of $9.60 per annum on John Kelly's estate on French Street, between Fifth and Sixth Streets, Wilmington, Delaware.

" That the said Mary H. Bonsall devised all her right to her sisters, Rebecca A. Zane and Elizabeth R. Zane.

"That the said Rebecca A. Zane devised her interest to Elizabeth R. Zane.

" That the said Elizabeth R. Zane assigned her right to said rent to the said Mary Roberta Black, the plaintiff below.

" AND IT IS HEREBY FURTHER AGREED, that if the Court be of opinion that the above facts are sufficient in law to warrant the presumption that the said ground-rent was legally created, and is payable out of the property hereinbefore known and described as No. 515 French Street, then judgment to be given in favor of the plaintiff below for $229.43. But if the Court be not of such opinion, then judgment to be given for the defendants below for costs."

## ARGUMENTS.

*Edward W. Cooch, for plaintiff below respondent:*—Ground-rent is a rent reserved to himself and his heirs by the grantor of land in fee simple, out of the land conveyed.

Both grantor and grantee have an estate in fee simple, each has an estate of inheritance.

In Pennsylvania and Delaware ground-rents are regarded as real estate.

*1 Bouv. Law Dict., 905 ; 14 Am. & Eng. Ency. Law (2 Ed.), 1121 ; Rev. Code Laws Del., 634; Cobb vs. Biddle, 14 Pa. St.,*

*444; Ingersoll vs. Sergeant, 1 Whart. (Pa.), 350; Juvenal vs. Patterson, 10 Pa. St., 282; Irwin vs. U. S. Bank, 1 Pa. St., 349; Bosler vs. Kuhn, 8 W. and S. (Pa.), 183 ; Mitchell vs. Steinmetz, 97 Pa. St., 251.*

Where a ground-rent is paid for more than 21 years in accordance with recitals in title deeds, no objection being made on the part of those who naturally would have objected, the existence of an ancient ground-rent deed should be presumed.

*Heckerman vs. Hummel, 19 Pa. St. 64; McElroy vs. R. R. 7 Pa. St., 536 ; Wallace vs. Pres. Church, 111 Pa. St., 164; Stephen's Digest Evidence, 122 ( a & b); Greenleaf on Evidence, Secs. 16 and 17.*

Secondary evidence of contents of lost or destroyed deeds or records is admissible when it is shown that search has been made for them and that they cannot be found.   This is particularly true when the deeds or records are ancient, and are shown to have been acted upon.

*13 Am. and Eng. Enc'y Law (1 Ed.), 1100, 1102 ; 5 Am. and Eng. Enc'y Law, (1 Ed.) 365; Heckerman vs. Hummel, 19 Pa. St., 64.*

Actions or claims to, or in any lands, tenements or hereditaments must be made within 20 years.

*Rev. Code, 887, Secs. 1 and 2 ; Doe vs. Pepper, 2 Marv., 221.*

Mere lapse of time without demand of payment is not sufficient to raise presumption that rent has been released or extinguished.

*St. Mary's Church vs. Miles, 1 Wharton (Pa.), 228 ; McQuesney vs. Hiester, 33 Pa. St., 435 ; Cole vs. Patterson, 25 Wendell (N. Y.), 456 ; Van Scharek vs. Davis, 5 Cowen (N. Y.), 123.*

Interest is recoverable on arrears of ground-rent.

*11 Am. and Eng. Enc'y Law, 1 Ed., 387 ; Naglee vs. Ingersoll,*

*7 Pa. St., 185 ; Gutherie vs. Stockton's Adm'r 5 Harr., 123 ; Mc-Quesney vs. Hiester, 33 Pa. St., 435 ; Buck vs. Fisher, 4 Whart. (Pa.), 516 ; Rev. Code 740, Sec. 1.*

The lien of a ground-rent, judgment or mortgage takes priority according to date of entry, and the lien of a judgment for arrears of ground-rent relates back to date of ground-rent deed and takes precedence over older liens.

*Rev. Code, 629, Sec. 19 ; 14 Am. and Eng. Enc'y Law (2 Ed.), 1125 ; 9 Am. and Eng. Enc'y Law, (1 Ed.), 63 ; 1 Bouvier Law Dict., 905 ; Powell vs. Whitaker, 88 Pa. St., 445 ; Pancoast's Appeal, 8 W. &. S. (Pa.), 381 ; Bosler vs. Kuhn, 8 W. & S. (Pa.), 183 (185) ; Bantleon vs. Smith, 2 Binn (Pa.), 146 ; 4 Am. Dec., 430.*

*Francis H. Hoffecker,* for defendant below appellant, replied.

(The Court made the following order :)

AND NOW TO WIT this eighth day of December, A. D. 1900, the above and foregoing case stated having been read and argued by counsel, and the same having been duly considered, the Court are of the opinion that the facts set forth in the above case stated are sufficient in law to warrant the presumption that the said ground-rent was legally created and is payable out of the property thereinbefore known and designated as No. 515 French Street, in the City of Wilmington, and, therefore, the Court orders, adjudges and decrees that judgment be given in favor of the plaintiff below respondent for the sum of $229.43.

Chas. B. Lore.